**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SERGIO OCTAVIO PENA, | No. 11-15003 |
| Petitioner - Appellant, | D.C. No. 4:07-cv-02119-PJH |
| v. | |
| JAMES E. TILTON, in his capacity as Head of the California Department of Corrections, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted June 10, 2014[**]
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and BEA, Circuit Judges.

Sergio Octavio Pena appeals the district court's denial of his petition for

habeas corpus, brought pursuant to 28 U.S.C. § 2254.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Pena first argues that the state court's determination that the admission of gang-related evidence did not violate his federal due process rights was contrary to clearly established federal law. But the Supreme Court has never issued a "clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ." *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009). *Dawson v. Delaware* held that the admission of sanitized gang evidence during *sentencing* violated the *First Amendment*. 503 U.S. 159, 168 (1992). So there was no clearly established federal law for the state court's determination to contravene.

Pena next contends that the state trial court's failure to provide certain jury instructions violated his rights to a jury trial and to due process. He does not dispute, however, that he procedurally defaulted this claim.

To excuse his procedural default, Pena maintains that his appellate counsel rendered ineffective assistance by failing to raise the issue on direct appeal. There is, at least, a reasonable argument that appellate counsel's decision—to omit a weak issue that would have undermined Pena's primary argument on appeal—was not constitutionally unreasonable. *See Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989). Given the "doubly" deferential standard of review, *Harrington v.*

2

*Richter*, 131 S. Ct. 770, 788 (2011), we cannot say that the state court unreasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984).

Because Pena cannot demonstrate cause to excuse his procedural default, we will not review the jury instruction issue. *See Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991).[1]

**AFFIRMED.**

---

[1]We decline to address Pena's uncertified cumulative error argument. *See* 28 U.S.C. § 2253(c); *Hiivala v. Wood*, 195 F.3d 1098, 1104–05 (9th Cir. 1999).